IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JERMAINE TERRELL BOUIE, | : |
| Petitioner, | : |
| v. | : Case No. 7:23-cv-00001-WLS-TQL |
| HARRY JAY ALTMAN, *et al.*, | : |
| Respondents. | : |

## ORDER

*Pro se* Petitioner Jermaine Terrell Bouie, a prisoner at the Wilcox State Prison in Abbeville, Georgia, has filed a "Petition for Writ of Mandamus". ECF No. 1. Petitioner also seeks leave to proceed in forma pauperis. ECF Nos. 6 and 7. His motion to proceed *in forma pauperis* is **GRANTED** and his complaint is **DISMISSED** as frivolous under 28 U.S.C. § 1915A(b)(1) for the reasons set forth below.

### I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed *in forma pauperis*. ECF Nos. 6 and 7. As it appears Plaintiff is unable to pay the cost of commencing this action, his applications to proceed *in forma pauperis* are hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement,

a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

A.   Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his trust account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is housed. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B.     Plaintiff's Obligations Upon Release

An individual's release from custody does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II.    STANDARD OF REVIEW AND ANALYSIS OF PETITIONER'S COMPLAINT

In accordance with the Prisoner Litigation Reform Act, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screenings, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X*, 437 F.3d at 1110 (internal quotation marks omitted). Still, the

Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b)(1)-(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citations omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks and citations omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Here Petitioner has filed a "Petition for a Writ of Mandamus". ECF No. 1. Petitioner alleges that the Respondents committed perjury, fraud, acted negligently, violated their oaths of office, and otherwise violated his constitutional rights during the course of his arrest, trial, and post-conviction challenges.[1] *Id.* Thus, Petitioner seeks four

---

[1] This is not Petitioner's first attempt to challenge his trial and conviction through the district court. *See Bouie v. Crockett*, 7:13-cv-00129-HL-TQL (M.D. Ga. Dec. 18, 2013) (dismissed as barred by the two-year statute of limitations); *Bouie v. Altman*, 7:18-cv-

hundred million in damages. *Id.* at 4-5. He states that all the Respondents "are employed by State of Georgia in the official capacity of: Superior Court Judge, GBI Forensic Biologist, Thomas County Doctor, Thomas County Detective, and Thomas County Assistant District Attorney". *Id.* at 1.

"[F]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Federal mandamus relief is available "to compel ***an officer or employee of the United States*** . . . to perform a duty owed to the petitioner." 28 U.S.C. § 1361 (emphasis added). The United States District Courts are unable to issue writs compelling action by state officials or non-federal persons in the performance of their duties. *See Lawrence v. Miami-Dade Cty. State Attorney Office*, 272 F. App'x 781 (11th Cir. 2008) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); *In re Gurley*, 247 F. App'x 437 (4th Cir. 2007) (affirming dismissal of writ of mandamus aimed at state officials for lack of jurisdiction).

Because Petitioner seeks an order compelling action (payment of 400 million

---

00111-WLS-TQL (M.D. Ga. Oct. 26, 2018) (dismissed as barred by the two-year statute of limitations and by the *Rooker-Feldman* doctrine); *Bouie v. Altman*, 7:19-cv-00003-HL-TQL (M.D. Ga. Nov. 15, 2019) (dismissed as barred by the two-year statute of limitations and by the *Rooker-Feldman* doctrine).

dollars) from Respondents that Petitioner acknowledges as State of Georgia employees, therefore not alleged to be a federal officer or employee, this Court is without jurisdiction to grant Petitioner the relief he seeks. Petitioner's pleading is therefore **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b)(1) as frivolous.

        **SO ORDERED**, this 28th day of March, 2023.

        _W. Louis Sands_
        W. LOUIS SANDS, JUDGE
        UNITED STATES DISTRICT COURT