**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| JERMAINE TERRELL BOUIE, | : | |
| | : | |
| | : | |
| Plaintiff, | : | CASE NO.: 7:23-CV-00001(WLS-TQL) |
| | : | |
| v. | : | |
| | : | |
| HARRY JAY ALTMAN, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## ORDER

Before the Court are Amended Motion for Writ of Mandamus (Doc. 10) and Amended Motion for Summary Judgment (Doc. 11) filed by pro se Plaintiff Bouie, who is a prisoner at the Wilcox State Prison in Abbeville, Georgia.

## PROCEDURAL HISTORY

On January 3, 2023, Plaintiff filed a Motion for Writ of Mandamus (Doc. 1) and a Motion for Summary Judgment (Doc. 2). On January 13, 2023, United States Magistrate Judge Thomas Q. Langstaff denied Plaintiff's Motion for Summary Judgment. (Doc. 4). In denying Plaintiff's Motion for Summary Judgment as premature, Judge Langstaff determined that Plaintiff failed to comply with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, 1915A and that Plaintiff's complaint did not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'" (*Id.* at 1) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

On March 28, 2023, this Court dismissed the case as frivolous. (Doc. 8). In his initial Motion for Writ of Mandamus (Doc. 1), Plaintiff had alleged that Defendant committed perjury, fraud, acted negligently, violated their oaths of office, and otherwise violated his

1

constitutional rights during the course of his arrest, trial, and post-conviction challenges.[1] Plaintiff had also alleged that all Defendants are employed by the State of Georgia. (Doc. 1, at 1). However, federal mandamus relief is available to compel an officer or employee of the United States to perform a duty owed to petitioner. (Doc. 8); 28 U.S.C. § 1361. Because United States District Court cannot issue writs compelling action by state officials or non-federal persons in the performance of their duties, the Court dismissed Plaintiff's pleading without prejudice as it is without jurisdiction to grant the relief that he sought. (Doc. 8).

On April 12, 2023, Plaintiff filed the instant Amended Motion for Writ of Mandamus (Doc. 10) and the Amended Motion for Summary Judgment (Doc. 11).

## DISCUSSION

First, in his Amended Motion for Writ of Mandamus (Doc. 10), Plaintiff makes similar allegations against the Defendants from its initial Motion for Writ of Mandamus and alleges once more that Defendants are "employed by State of Georgia." (Doc. 10, at 2). In addition, Plaintiff alleges that Defendants are indeed "subject to the jurisdiction of this District Court" because they injured Plaintiff. (Doc. 10). The Court finds that Plaintiff's Amended Motion for Writ of Mandamus (Doc. 10) suffers from the same defect as his initial Motion for Writ of Mandamus (Doc. 1). Specifically, Plaintiff's Amended Motion (Doc. 10) is still frivolous, and the Court is still without jurisdiction to grant Plaintiff the relief he seeks because Plaintiff alleges that Defendants are State of Georgia employees. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1361; (Doc. 8). Therefore, Plaintiff's Amended Motion for Writ of Mandamus (Doc. 10) is **DISMISSED without prejudice**.

Next, similar to his initial Motion for Summary Judgment (Doc. 2), Plaintiff's Amended Motion for Summary Judgment (Doc. 11) also fails to comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915; 1915A as it fails to contain

---

[1] This is not Petitioner's first attempt to challenge his trial and conviction through the district court. *See Bouie v. Crockett*, 7:13-cv-00129-HL-TQL (M.D. Ga. Dec. 18, 2013) (dismissed as barred by the two-year statute of limitations); *Bouie v. Altman*, 7:18-cv-00111-WLS-TQL (M.D. Ga. Oct. 26, 2018) (dismissed as barred by the two-year statute of limitations and by the *Rooker-Feldman* doctrine); *Bouie v. Altman*, 7:19-cv-00003-HL-TQL (M.D. Ga. Nov. 15, 2019) (dismissed as barred by the two-year statute of limitations and by the *Rooker-Feldman* doctrine).

"sufficient factual matter, . . . to state a claim to relief that is plausible on its fact." *Iqbal*, 566 U.S. at 678; (Doc. 4, at 1). Here, the Court finds that Plaintiff's claims cannot survive preliminary screening. Accordingly, Plaintiff's Amended Motion for Summary Judgment (Doc. 11) is **DENIED without prejudice**.

### CONCLUSION

For the aforementioned reasons, Plaintiff's Amended Motion for Writ of Mandamus (Doc. 11) is **DISMISSED without prejudice** and his Amended Motion for Summary Judgment (Doc. 10) is **DENIED without prejudice**.

**SO ORDERED**, this __1st__ day of June, 2023.

 /s/ **W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**